MICHEL, Circuit Judge.
 

 ORDER
 

 The Federal Deposit Insurance Corporation (“FDIC”) seeks to appeal the November 8, 1996 Order of the United States District Court for the District of Columbia (the “district court”) in its suit against Maco Bancorp, Inc. and Cyrus A. Ansary (collectively, “Maco”), Civ. No.
 
 94^1923
 
 (D.D.C. filed Sept. 2, 1994). That Order transferred the case from the district court to the United States Court of Federal Claims. Because we do not have a statutory grant of jurisdiction to rule on this appeal at this stage of the proceedings, we must dismiss the appeal.
 

 
 *1447
 
 BACKGROUND
 

 The facts are largely irrelevant to the jurisdictional issue in the appeal. FDIC, as manager of the Federal Savings and Loan Corporation, originally sued Maco in the district court, alleging breach of contract stemming from Maco’s failure to make good faith attempts to invest in and acquire a failing thrift savings bank. After the complaint was filed but before an answer had been entered, Maco filed its own suit in the Court of Federal Claims (No. 94-625C (Fed. Cl. filed Sept. 23, 1994)), asserting a
 
 “Winstar
 
 ” claim that certain provisions of the Financial Institution Reform, Recovery and Enforcement Act of 1989 (“FIRREA”) effected a breach of its contractual rights and a taking of its property.
 
 See United States v. Winstar,
 
 — U.S. —, —, 116 S.Ct. 2432, 2452-53, 135 L.Ed.2d 964 (1996).
 
 [1]
 
 In the Court of Federal Claims, Maco’s case was given a priority trial date in exchange for waiving certain discovery rights against FDIC.
 

 Maco then filed an answer, together with counterclaims, in the district court. Maco also filed, at the same time, a motion to transfer. The magistrate judge initially denied the motion on October 26,1994, but, two years later (and after the Supreme Court’s
 
 Winstar
 
 decision), after Maco filed a motion for reconsideration and FDIC filed a motion to expedite (and a response to that motion was filed by FDIC), the district court ordered the case to be transferred to the Court of Federal Claims on November 6, 1996. The court reasoned that “the parties filed pleadings with this Court that bring to light recent events in the Court of Federal Claims, as well as new case law, which clearly demonstrate that this case should be transferred to the U.S. Court of Federal Claims.” The court noted that the two pending actions were similar,
 
 [2]
 
 the many
 
 post-Winstar
 
 cases in the Court of Federal Claims had been consolidated before one judge, and discovery in Maco’s expedited case (which had a trial date) was underway. The court concluded that considerations of comity and orderly administration of justice dictated that only one court should hear the cases.
 

 DISCUSSION
 

 Generally, a transfer order is interlocutory and thus not immediately appeal-able, but appealable only incident to a final judgment in a case (or a partial judgment pursuant to Fed.R.Civ.P. 54(b)) or as a certified question pursuant to 28 U.S.C. § 1292(b) (1994).
 
 See Katz v. Lear Siegler, Inc.,
 
 909 F.2d 1459, 1460-61 (Fed.Cir.1990) (“change of venue is not an appealable action”). However, 28 U.S.C. § 1292(d)(4)(A) (1994) grants this court exclusive jurisdiction to hear certain appeals of certain transfer orders, notwithstanding their interlocutory nature. That section states:
 

 The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States ... granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under [28 U.S.C.] section 1631____
 

 28 U.S.C. § 1631 (1994) is, in turn, one of several statutes under which a district court may transfer a case elsewhere. Unlike the others, however, this statute is based on lack of jurisdiction in the transferor court. It states:
 

 Whenever a civil action is filed in a court ... and that
 
 court finds there is a want of jurisdiction,
 
 the court shall, if it is in the interest of justice, transfer such action or appeal to any other court in which the action or appeal could have been brought at the time it was filed or noticed____
 

 
 *1448
 

 Id.
 
 (emphasis added). Accordingly, we only have jurisdiction to review the district court’s interlocutory order of transfer if it was made pursuant to section 1631 — that is, the district court must have found that there was a lack of jurisdiction and the interests of justice required a transfer to another court, in this ease the Court of Federal Claims.
 

 There was no such finding, express or implied, of lack of jurisdiction here. The district court cited several reasons for the transfer to the Court of Federal Claims — the other pending
 
 Winstar
 
 cases, the similarity of the two actions, the priority status of the Court of Federal Claims ease — but made no reference to a lack of jurisdiction over FDIC’s original action, or even the counterclaims. Rather, the reasons cited by the district court for the transfer correspond to change of venue “for convenience of parties and witnesses,” 28 U.S.C. § 1404(a) (1994), or perhaps for cure of wrong venue, 28 U.S.C. § 1406 (1994). The decision cited by the district court,
 
 Washington Metropolitan Area Transit Authority v. Ragonese,
 
 617 F.2d 828, 830 (D.C.Cir.1980), makes no reference to a jurisdictional bar to adjudication of the claims asserted, but only references a policy against separate proceedings in two courts. Because the district court was not purporting to transfer the case on the ground that it lacked jurisdiction, it was not acting pursuant to section 1631 and therefore' there is no jurisdiction for this court to review the district court’s decision at this juncture.
 
 [3]
 

 We recognize that FDIC makes an argument, among others, that section 1406 does not by its terms authorize transfer to the Court of Federal Claims, while Maco argues in part that judicial economy, comity and fairness favor transfer. However, because we lack jurisdiction over this appeal, these arguments are not properly before us now and we must decline to rule on them in the present appeal. We express no opinion on the merits of the transfer. FDIC can attempt to appeal the transfer if it so chooses after there is a final, appealable judgment, or an appealable order in this case to which the propriety of the transfer is pertinent.
 

 Accordingly,
 

 IT IS ORDERED THAT: The appeal is dismissed.
 

 [1]
 

 . Maco's suit in the Court of Federal Claims is one of many similar suits pending following the Supreme Court's decision in
 
 Winstar.
 
 On July 22, 1996 the government, with FDIC listed as "of counsel," requested that these cases be consolidated before a single judge and that each of the cases be governed by a single Omnibus Case Management Order. This motion was granted, at least for pretrial purposes, on August 28, 1996.
 

 [2]
 

 . That is, Maco’s counter-complaint in the district court mirrored its suit in the Court of Federal Claims. FDIC’s district court action, however, did not mirror its stance in the Court of Federal Claims suit by MACO, but asserted a state law contract claim. The underlying factual circumstances, however, overlapped, comparing FDIC’s suits with Maco's district court counterclaims and Court of Claims suit.
 

 [3]
 

 . We note that the statute does speak in terms of a court "granting or denying, in whole or in part, a
 
 motion
 
 to transfer an action ... under section 1631." 28 U.S.C. § 1292(d)(4)(A) (emphasis added). However, even though Maco may have originally moved for transfer under section 1631 (Maco’s original motion to the magistrate references section 1631, while Maco’s later response to FDIC’s motion to expedite before the district court judge discusses efficiency and fairness), it is clear that the district court granted the transfer for reasons other than under section 1631. The district court did not once mention section 1631 or a lack of jurisdiction. Moreover, every reason given pertained to section 1404, a statute referenced in the original Maco motion as well as Maco’s brief to this court. Moreover, Maco’s response to the motion to expedite cited several non-jurisdictional, policy reasons to transfer. Even if the district court’s failure to make findings of lack of jurisdiction to support a transfer under section 1631 were considered a deemed denial of the original motion by Maco, which we view as a motion made under section 1631, that deemed denial is not an adverse judgment as to FDIC and therefore does not create jurisdiction generally or particularly under section 1292(d)(4)(A) in an appeal brought by FDIC as this one is.