UNITED STATES, Plaintiff–Appellant,

v.

D.L. KAUFMAN, INC. and Daniel L. Kaufman, Defendants–Appellees.

No. 98–1461.

United States Court of Appeals, Federal Circuit.

April 19, 1999.

<hr>

Salomon Gomez, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, argued for plaintiff-appellant. With him on the brief were David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director. Of counsel on the brief was Frank D. Kortum, Assistant United States Attorney, of Los Angeles, California.

David P. Hendel, Wickwire Gavin, P.C., of Vienna, Virginia, argued for defendants-appellees. With him on the brief were Stephen B. Hurlbut and Brian P. Waagner.

Before MAYER, Chief Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

This is a government appeal from a district court order transferring a case to the Court of Federal Claims. We have jurisdiction to review such an interlocutory order only if it was based upon 28 U.S.C. § 1631. The latter section requires, as a condition for transfer, that the court "finds that there is a want of jurisdiction." Since the record does not clearly show whether either of these conditions was met, we partially remand the case to the district court for clarification of the bases of its decision.

I

This case arises from several contracts between the appellee D.L. Kaufman, Inc., (Kaufman, Inc.), a company wholly owned by the appellee Daniel L. Kaufman, and the Postal Service for remodeling post offices in Southern California. On reviewing the invoices Kaufman, Inc. submitted for payments under the contracts, the Postal Service concluded that the company had filed false certificates and obtained payment for work not completed. The Postal Service then began to withhold payment of invoices for work the company had done, as a set-off against any judgment in a future False Claims Act suit.

In August of 1996, the company challenged some of the withholdings before the Postal Service Board of Contract Appeals. Then, in early 1997, it filed suit in the Court of Federal Claims under the Contract Disputes Act challenging other withholdings, "so that [the contract] claims and the Government's expected F[alse ]C[laims ]A[ct] suit could be heard in the same court."

In August 1997, the United States filed the present suit in the United States District Court for the Central District of California against Kaufman, Inc. and Mr. Kaufman. The complaint contained two claims under the False Claims Act, 31 U.S.C § 3729 et seq., (for false claims and false statements) and three common law claims (payment by mistake, unjust enrichment, and common law fraud).

The defendants moved to transfer the case to the Court of Federal Claims because "th[e] [district] [c]ourt lacks jurisdiction over certain of the claims asserted in this action [the claims for payment by mistake and unjust enrichment], and the

only forum with jurisdiction over all the claims which are the subject of this action is the Court of Federal Claims, such that judicial economy will be served by the transfer." In a supporting memorandum, the defendants cited 28 U.S.C. § 1631 as the basis for transfer. Although the Court of Federal Claims would not have jurisdiction over the False Claims Act suit against Mr. Kaufman, he agreed to be bound by the judgment against the corporation.

The district court denied the transfer motion without explanation, and the defendants requested clarification. In the interim, on the government's motion, the Court of Federal Claims had transferred some of the contract claims to the Postal Service Board and stayed the rest of the contract suit "pending resolution of the F[alse] C[laims] A[ct] claims in the district court."

When the motion for clarification was heard, the district court was not aware of the stay. Viewing the motion as one for reconsideration of the earlier denial of transfer, the court expressed concern over the parallel litigation and the possibility of conflicting rulings on the same issues in the two suits. The court stayed the case, subject to "changes in circumstances that justify lifting ... the stay."

The government moved to vacate the stay in light of the Court of Federal Claims' stay, arguing that the parallel stays "will delay or prevent the resolution of both cases." At the hearing on the motion to vacate, the district court, after asking whether the government "let me go through the whole proceeding [knowing] that the matter had been stayed in the [Court of Federal] Claims," stated that it had not "been treated fairly" and was "not going to have any more to do with this." The court requested the defendants to renew their motion to transfer and stated "if you renew the motion to transfer, I am going to grant it." They did so, making substantially the same arguments as before, and without a hearing, the court granted the motion in part. The order stated only that:

1. The plaintiff's claims against the defendant D.L. Kaufman, Inc. are transferred to the U.S. Court of Federal Claims; and

2. The plaintiff's claims against defendant Daniel L. Kaufman are stayed.

On the government's request, the court stayed the transfer order, and the government filed this appeal.

## II

Generally, transfer orders are not immediately appealable. Under 28 U.S.C. § 1292(d)(4)(A), however, we have exclusive jurisdiction

> of an appeal from an interlocutory order of a district court ... granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under section 1631 of this title.

Section 1631 in turn provides:

> Whenever a ... court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed[.]

28 U.S.C. § 1631.

These two provisions raise two questions in this case: (1) was the district court's order transferring the case against Kaufman, Inc. to the Court of Federal Claims entered under section 1631 and (2) if it was, did the district court find a want of jurisdiction?

Neither the transfer order itself nor the district court's statements at the hearings answer those questions. The transfer order did not refer to either issue – it merely transferred the case without explanation. The court's statements at the hearings similarly did not refer to either of these issues. The court's sole concern at those hearings apparently was the problems that parallel litigation in two courts would create, including the possibility of conflicting rulings. Indeed, the district court's initial

denial of transfer and its subsequent stay of its own proceedings suggest that at that time the court believed it had jurisdiction.

The government contends, however, that section .1631 was "the most likely basis for [the] transfer." It points out that the defendants relied on that section as a basis for transfer, and it argues that since that section is the only statutory basis for transfer from a district court to the Court of Federal Claims, the district court presumably acted pursuant to that provision and also implicitly made the finding of want of jurisdiction that section 1631 requires as a ground for transfer.

We decline to engage in such speculation about the bases of the district court's transfer order. The statutory requirements are clear and simple, and it would not burden the district court to state whether it was transferring pursuant to section 1631 and, if so, whether it found a want of jurisdiction. An appellate court should not be required to search the record in an attempt to ascertain the bases for the district court's action.

We therefore conclude that the appropriate procedure in this case is partially to remand to the district court to clarify the bases for its decision. We shall retain jurisdiction of the appeal and dispose of it in light of what the district court states.

In *United States v. Fox,* 930 F.2d 820 (10th Cir.1991), the court of appeals made a similar remand for clarification when its jurisdiction depended upon the basis of the district court's ruling and the record did not show the basis. That case involved an appeal by a criminal defendant from a district court's refusal to depart downwardly from the sentencing range established by the Sentencing Guidelines. *See id.* at 823. The court of appeals had jurisdiction to review the refusal to depart only if the district court did so because it believed it lacked the power to depart; if the court's action reflected an exercise of discretion, however, it was not reviewable. *See id.* at 824. The district court had not stated the basis for its refusal to depart.

*See id.* Noting that "[t]he ambiguity in the judge's ruling is important because the question determines the scope of our review," the court concluded:

> We therefore cannot undertake a review of the decision until the ambiguous ruling is clarified. Accordingly, the cause is partially remanded to the district court, and the district judge shall clarify whether, in sentencing the defendant, he declined to depart from the guidelines because he felt he had no authority to do so or whether it was because he simply exercised his discretion not to do so.

*Id.*

*Federal Deposit Insurance Corp. v. Maco Bancorp, Inc.,* 125 F.3d 1446 (Fed. Cir.1997), in which we dismissed an appeal from a similar transfer order, is not inconsistent with our remand here. There, the defendant's motion relied on both 28 U.S.C. § 1404 and section 1631 as a basis for transfer. The court's transfer order reflected only the section 1404 factors, *see id.* at 1448 n. 3; the ground for transfer was that it would be more convenient for the Court of Federal Claims to try this case, *see id.* at 1447. We held that "[b]ecause the district court was not purporting to transfer the case on the ground that it lacked jurisdiction, it was not acting pursuant to section 1631." *Id.* at 1448. In the present case, however, the record does not show the bases on which the district court transferred the case.

### CONCLUSION

The case is partially remanded to the district court, for that court to state:

> Whether it transferred the case pursuant to 28 U.S.C. § 1631; and
>
> If it did, whether it found it lacked jurisdiction.

We retain jurisdiction of the appeal and will dispose of it in light of the district court's action on remand.

*REMANDED.*