Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-1190

SAWGRASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

TEXAS ORIGINAL GRAPHICS, INC.
and WILLIAM D. WELLBORN,

Defendants-Appellees

G. Trenholm Walker, Pratt-Thomas, Epting & Walker, P.A., of Charleston, South Carolina, argued for plaintiff-appellant. With him on the brief was Amanda R. Maybank. Of counsel on the brief was B.C. Killough, Barnwell Whaley Patterson & Helms, of Charleston, South Carolina.

W. Scott Hastings, Cash Klemchuk Powers Taylor LLP, of Dallas, Texas, argued for defendants-appellees. With him on the brief was Darin M. Klemchuk, Locke Liddell & Sapp LLP, of Dallas, Texas.

Appealed from: United States District Court for the District of South Carolina

Judge Terry L. Wooten

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

06-1190

SAWGRASS TECHNOLOGIES, INC.,

Plaintiff-Appellant,

v.

TEXAS ORIGINAL GRAPHICS, INC.
and WILLIAM D. WELLBORN,

Defendants-Appellees.

_____

DECIDED: March 2, 2007

_____

Before RADER, Circuit Judge, ARCHER, Senior Circuit Judge, and PROST, Circuit Judge.

RADER, Circuit Judge.

The United States District Court for the District of South Carolina (the South Carolina court) transferred Sawgrass Technologies, Inc.'s (Sawgrass's) suit against Texas Original Graphics, Inc. and William D. Wellborn (collectively TOG), No. 2:05-CV-01696 (D. SC. filed June 9, 2005) to the Northern District of Texas (the Texas Court). Lacking jurisdiction to rule on this transfer at this stage of the proceedings, this court dismisses the appeal.

I

In September 2004, Sawgrass, assignee of United States Patent No. 5,488,907 (the '907 patent), notified TOG of its potential infringement of the '907 patent. On June

9, 2005, after fruitless settlement negotiations, TOG filed a declaratory judgment action against Sawgrass in the United States District Court for the Northern District of Texas (the Texas case). Six days later, Sawgrass filed suit against TOG alleging infringement of '907 Patent in the United States District Court for the District of South Carolina (the South Carolina case). On December 9, 2005, the South Carolina Court granted the TOGs' motion to transfer venue based on the first to file rule.

Sawgrass is a South Carolina corporation with headquarters, research and development operations, and manufacturing operations in that state. Sawgrass holds several patents covering printing with sublimation inks. The '907 patent claims methods of printing with sublimation inks using ink jet printers. The '907 claims, however, do not cover sublimation inks themselves.

TOG is Texas corporation whose only place of business lies in Texas. TOG has sold sublimation ink and toners. Since 1989, TOG has sold sublimation ink for use in ink jet printers.] William D. Wellborn, a citizen of Texas, is the President of TOG. The record indicates Mr. Wellborn met with Sawgrass' representatives in 1991 and discussed the success TOG and its customers had using sublimation ink with ink jet printers.

In May 2001, approximately 10 years after Sawgrass' discussions with TOG regarding sublimation ink, Sawgrass sent its first "cease and desist" letter to TOG, threatening to sue for infringement of its patents. . Sawgrass sent a second "cease and desist" letter in September 2004 to TOG's customers. The parties entered into settlement negotiations. In March 2005 at a trade show in Las Vegas, Sawgrass representatives again charged TOG with infringement.

On June 1, 2005, Sawgrass' lawyer sent a letter demanding that TOG accept settlement terms by June 20, 2005. The proposed settlement agreement required TOG to stop selling sublimation ink, unless purchased exclusively from Sawgrass. In previous communications, TOG had already rejected those terms. Therefore, on June 9, 2005, TOG filed the Texas case. Sawgrass responded on June 15, 2005 by filing the South Carolina case. On August 19, 2005, TOG filed a motion in the South Carolina case entitled "Motion To Dismiss Complaint Pursuant To The First to-File Rule, Or Alternatively, Motion To Transfer Venue Pursuant To 28 U.S.C. § 1404(a)." On December 9, 2005, the South Carolina District Court granted TOG's motion.

II

"Title 28 U.S.C. § 1291 provides for appeal to the courts of appeals only from final decisions of the district courts of the United States. For purposes of § 1291, a final judgment is generally regarded as a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Lauro Lines S.R.L. v. Chasser, 490 U.S. 495, 497 (1989) (internal citations omitted). Because finality presents an issue of Federal Circuit jurisdiction, this court applies its own law. H.R. Technologies, Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1382 (Fed. Cir. 2002). The grant of a motion to dismiss with or without prejudice is a final order. Id. 1383-84.

"A district court can transfer venue under either 28 U.S.C. § 1404(a) or 28 U.S.C § 1406(a). Section 1404(a) allows a court where venue is proper to transfer a case to a more convenient forum. Section 1406(a) allows a court to either dismiss or transfer a case when venue is improper." HolyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 (Fed. Cir. 1999). This court follows the general rule favoring the forum of the first-filed case

unless judicial economy or other principles of justice and efficiency dictate otherwise. Electronics for Imaging, Inc. v. Coyle, 394 F.3d 1341, 1347 (Fed. Cir. 2005). Further, the considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action. Id. at 48.

A transfer order, however, is interlocutory and not ordinarily subject to immediate appeal. A transfer order becomes ripe for appeal incident to a final judgment, or incident to a partial judgment under Fed. R. Civ. P. 54(b), or incident to a certified question under 28 U.S.C. § 1292(b) (2006). F.D.I.C. v. Maco Bancorp, Inc., 125 F.3d 1446, 1447 (Fed. Cir. 1997). Section 1292(d)(4)(A), on the other hand, grants this court exclusive jurisdiction to hear some otherwise interlocutory transfer orders. 28 U.S.C. § 1292(d)(4)(A) (2006). Appeals under section 1292(d)(4)(A), however, only cover transfers to cure a lack of jurisdiction. 28 U.S.C. § 1631 (2006).

## A. Dismissal or Transfer

As an initial matter, this court must decide if the South Carolina District Court's December 9, 2005 order dismissed the case or simply transferred venue. The ultimate sentence of the December 9, 2005 order states, "defendants' motion to dismiss Complaint pursuant to the first-to-file rule is hereby granted and this case is transferred to the Northern District of Texas." Under HollyAnne, if the South Carolina court dismissed the case, it lost jurisdiction at that time and could not therefore transfer it.

In HollyAnne, the district court first determined that it did not have personal jurisdiction. 199 F.3d at 1306. The district court then dismissed the case and only later ordered its transfer. Id. at 1307. This court held: "[O]nce [the district court] had decided

06-1190                                        4

that it lacked personal jurisdiction and had dismissed the complaint, [it] could not properly transfer the case to the Northern District of California." Id.

In this case, the South Carolina court transferred the case before determining whether it had personal jurisdiction. Indeed, the South Carolina court did not make a determination of personal jurisdiction:

> Moreover, because the case is being transferred pursuant to the Court's inherent authority under the first-to-file rule, it is unnecessary to address the separate questions raised in defendants' additional motion as to whether this Court may exercise personal jurisdiction over the defendants; or whether the case should be dismissed for lack of venue.

December 9, 2005 order at 8. Further, the December 9, 2005 order explicitly transferred the case:

> Although defendants have asked that the instant case be dismissed pursuant to the first to- file rule, the "first-to-file" rule proposes that when an action involving the same parties and issues has already been filed in a different federal district, the court may either transfer, stay, or dismiss the second suit. Accordingly, this Court finds it appropriate to transfer this case to the Northern District of Texas where the first-filed case is pending.

December 9, 2005 order at 6 (internal citations omitted). And,

> Based on the facts and circumstances in this case, transfer is appropriate. Instead of dismissing Sawgrass' complaint, as requested by defendants, the most practical solution is to transfer this case to the Northern District of Texas where the two nearly identical law suits may be consolidated and adjudicated together. Accordingly, an order of transfer will enter.

December 9, 2005 order at 8.

This court acknowledges that the ultimate sentence of the December 9, 2005 order refers to dismissal as well as transfer. This sentence, however, merely repeated the title of TOG's motion and in this case lacks any dispositive weight on this court's interpretation of the December 9, 2005 order. After review of this order in its entirety, this court upholds the South Carolina court's transfer of the case to Texas.

06-1190                                5

## B. Jurisdiction for Appeal

In determining jurisdiction over this order to transfer, this court notes that the record lacks a final judgment, a certification of a partial final judgment under Fed. R. Civ. P. 54(b), or a certification under 28 U.S.C. § 1292(b). Thus, none of these exceptions to the finality rule apply. Under U.S.C. 28 § 1292(d)(4)(A), the December 9, 2005 order simply transfers venue without any need or action to cure jurisdiction. Thus, section 1292(d)(4)(A) does not apply either. Without any basis for invoking these exceptions to the finality rule, the December 9, 2005 motion is interlocutory and lacks any jurisdictional basis for an immediate appeal.

## III

The South Carolina court transferred the South Carolina case to Texas. This court recognizes Sawgrass makes an argument that the South Carolina court did not properly balance equitable factors, such as the convenience of the witnesses and documents, that weigh against transfer. However, because this court lacks jurisdiction over this appeal, this argument is not properly before us now and we must decline to rule on them in the present appeal.

Accordingly,

IT IS ORDERED THAT: The appeal is dismissed.