705 F.2d 703
 31 Empl. Prac. Dec. P 33,558
 Matthew T. MADESKY, Appellant,
v.
Alan K. CAMPBELL, Chairman, U.S. Civil Service Commission
and Ersa K. Poston, Commissioner, U.S. Civil Service
Commission and W. Graham Clator, Jr., Secretary, U.S.
Department of the Navy and United States of America, Appellees.
 No. 82-1325.
 United States Court of Appeals,
Third Circuit.
 Argued April 14, 1983.
Decided April 28, 1983.
 
 Michael D. Shapiro (argued), Shein & Brookman, P.A., Philadelphia, Pa., for appellant.
 Peter F. Vaira, Jr., U.S. Atty., Walter S. Batty, Jr., Asst. U.S. Atty., Gary Tilles, Dawn M. MacPhee (argued), Asst. U.S. Attys., Philadelphia, Pa., for appellees.
 Before ADAMS, BECKER, and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 ADAMS, Circuit Judge.
 
 
 1
 In this case, a civilian employee of the Navy Department brought a civil action pursuant to various statutes including the Administrative Procedure Act, 5 U.S.C. Sec. 702, the Civil Rights Act, 28 U.S.C. Sec. 1343, the Equal Employment Opportunity Act of 1972, 42 U.S.C. Sec. 2000e-16, and the Veterans Preference Act of 1944, 5 U.S.C. Sec. 2108 et seq. He contended that he was unlawfully discharged from his employment as a result of filing administrative complaints alleging religious discrimination and irregularities in procurement practices. The action was dismissed by the district court pursuant to Local Rule 23(a),[1] because of the plaintiff's failure to prosecute.
 
 
 2
 At the time of dismissal, this Court had not decided Donnelly v. Johns-Manville Sales Corporation, 677 F.2d 339, 342 (3d Cir.1982), which held that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear Record of delay or contumacious conduct."[2] Donnelly set forth four factors which, while not exclusive, are relevant to a determination whether a dismissal with prejudice is appropriate: (1) the degree of the plaintiff's personal responsibility for the delay; (2) prejudice to the defendant occasioned by the delay; (3) any history that the plaintiff proceeded in a dilatory manner; and (4) the effectiveness of sanctions other than dismissal. Id. at 342. In Titus v. Mercedes Benz of North America, 695 F.2d 746 (3d Cir.1982), also decided after the dismissal here, the fourth factor was interpreted to require that the district court indicate on the record that it has considered sanctions less severe than dismissal.[3] We therefore vacate and remand this matter for further consideration in light of Donnelly and Titus.
 
 
 3
 Plaintiff, Matthew T. Madesky, filed the present action on May 12, 1978.[4] He alleges that he was denied the opportunity to receive a pin in recognition of 30 years of service to be presented in a regular awards ceremony, denied advancement from his position, and illegally discharged because of his conduct. He seeks an awards pin presented at a formal ceremony, reinstatement and back pay. Discovery was pursued through 1978 by plaintiff's attorney. In April of 1979, pretrial memoranda were filed and a pretrial conference was held. It was anticipated that the trial was to take place in the Fall of 1979. In June of 1979, plaintiff's attorney made a motion to withdraw from the case, asserting irreconcilable differences concerning the merits and conduct of the case and the arrangement for his compensation. This motion was granted in November of 1979 and counsel agreed to refund to the plaintiff more of the retainer than was due in order that the plaintiff might be able to engage new counsel promptly.
 
 
 4
 More than two years and two months passed with no activity taken by the plaintiff. In addition, the plaintiff never advised the Clerk's office that because of illness or any other reason he would be unable to obtain new counsel to pursue his action. Even though Local Rule 23 enabled the Clerk to notify the parties after one year of lack of activity on the docket sheets that the action would be dismissed unless good cause was shown, the Clerk waited until January 18, 1982 to file such a notice. One day prior to the expiration of the 30 day period to show good cause provided in Rule 23, a second attorney retained by the plaintiff entered his appearance and filed an application for relief under Local Rule 23(a).
 
 
 5
 There were three justifications advanced by the plaintiff for his failure to prosecute this action: (1) that he had spent two weeks in a hospital in September or October of 1979 because of a stroke and that he had previously been hospitalized for the same ailment for two weeks in January of 1979; (2) that at some undisclosed time in the interim, he had experienced certain domestic difficulties which resulted in his wife's leaving him; and (3) that he consulted various attorneys in his home area of Hatboro, Pennsylvania but was unable to prevail upon anyone to handle the case, since it would involve a trial in Philadelphia. After receiving the Rule 23(a) notice, plaintiff consulted the Lawyers Reference Service and was referred to his second counsel.
 
 
 6
 The district court balanced three factors in determining whether the action should be dismissed: (1) the excuses offered by plaintiff in light of his particular circumstances; (2) prejudice to the defendant occasioned by the delays, and (3) the potential merit of plaintiff's claims. With regard to the first element, the district court found that the plaintiff was an intelligent, articulate individual who was well versed in the intricacies of federal personnel practices and could forcibly assert his rights whenever it pleased him to do so. Whenever a hearing on the merits seemed imminent, the district judge observed, plaintiff would either discharge his lawyer or develop some other reason for postponement. The district court found that if plaintiff had desired to pursue this action, as distinguished from merely wishing to preserve his status as an aggrieved party battling the "establishment," he could have done so. As to the second factor, prejudice to the defendant, the district court assumed that since the events in the case occurred more than eight years ago, the government would be at a disadvantage if the court required further effort to locate witnesses, revive flagging memories, and prepare for trial. With respect to the third element, the potential merit of plaintiff's claims, the district court stated that Madesky had never attempted to support by evidence his charges of religious discrimination. Moreover, the Court asserted that the damages attributable to having his 30 year pin awarded privately rather than at a public ceremony did not appear to be more than de minimis and his reinstatement with back pay seemed problematic because of his age and physical condition.
 
 
 7
 Madesky contends that the district court abused its discretion in dismissing the case because there was not a clear record of delay or contumacious conduct by the plaintiff and the court did not consider whether the interests of justice would be served by the imposition of lesser sanctions.
 
 
 8
 Since our opinions in Donnelly and Titus were filed after the dismissal in this case, the district court did not have the benefit of their guidance. Although we believe that the district court clearly set forth the factors used in its determination that a dismissal was justified, Donnelly and Titus require that the consideration of lesser sanctions be made and set forth on the record.
 
 
 9
 Donnelly and Titus are now the law of the Circuit, and we are bound by them. Accordingly, the order of dismissal will be vacated and the case remanded so that the district court may consider alternative sanctions in accordance with Donnelly, and place on the record the fact that it has considered alternate sanctions less severe than dismissal in accordance with Titus.[5]
 
 
 
 [1]
 Rule 23(a), Local Rules of the United States District Court for the Eastern District of Pennsylvania. Rule 23, Dismissal and Abandonment of Actions
 (a) Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than one year immediately preceding such ascertainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that, unless the court, upon written application filed within thirty (30) days from the date of such notice and upon good cause shown shall otherwise order, the action shall be dismissed. In the absence of such application to or order by the court, the Clerk shall, without special order, enter upon the record "dismissed, without prejudice under Rule 23," and shall, upon application by defendant, tax the costs against the plaintiff.
 
 
 [2]
 After the order of dismissal was entered in the case at hand, plaintiff made a motion pursuant to Fed.R.Civ.P. 60(b)(6) to reconsider and vacate the dismissal order. Our decision in Donnelly was filed approximately two weeks before the district court denied that motion. We note that plaintiff has not appealed the denial of his Rule 60(b) motion
 
 
 [3]
 Although Titus was not an opinion of the Court but an opinion announcing the judgment of the Court, a majority of the panel endorsed the necessity of placing the finding on the record and the retroactivity of Donnelly
 
 
 [4]
 Madesky had previously filed on January 29, 1973 a similar action but was still in the process of pursuing administrative remedies. In June of 1973, he was discharged from his employment and further administrative proceedings culminated in an order of the United States Civil Service Commission Appeals Review Board, dated April 7, 1978, deciding all issues adversely to him and notifying him of his right to bring suit in federal court
 
 
 [5]
 The district court upon remand is not precluded, after complying with Donnelly and Titus, from determining that the plaintiff's efforts to prevent resolution of his case and the two year period in which no action was taken constitute conduct sufficient to justify dismissal with or without prejudice