**H.R. TECHNOLOGIES, INC.,**
**Plaintiff–Appellee,**

v.

**ASTECHNOLOGIES, INC.,**
**Defendant–Appellant.**

No. 01–1121.

United States Court of Appeals,
Federal Circuit.

Jan. 11, 2002.

Rehearing En Banc Denied
Feb. 19, 2002.

Joseph C. Basta, Dykema Gossett, PLLC, of Detroit MI, argued for plaintiff-appellee. With him on the brief were Jill M. Wheaton, Robert L. Kelly, and Adam B. Strauss.

Stephen G. Rudisill, Jenkens & Gilchrist, of Chicago, IL, argued for defendant-appellant. With him on the brief was Paul R. Kitch.

Before NEWMAN, BRYSON, and DYK, Circuit Judges.

BRYSON, Circuit Judge.

In this unusual case, the defendant, Astechnologies, Inc., appeals from an order dismissing an action without prejudice. The principal basis for the appeal is Astechnologies' contention that the district court should have dismissed the plaintiff's claims of patent infringement with prejudice rather than dismissing them without prejudice. We hold that the district court did not abuse its discretion in dismissing the plaintiff's claims without prejudice. The district court did err, however, in dismissing Astechnologies' counterclaims over Astechnologies' objection. We therefore affirm in part, vacate in part, and remand.

## I

H.R. Technologies ("HRT") filed this patent infringement action against Astechnologies in the United States District Court for the Eastern District of Michigan. In its complaint, HRT alleged that Astechnologies had infringed U.S. Patent No. 5,665,185 ("the '185 patent"), which claims a process for preparing a glass fiber containing polymer sheet. Astechnologies responded and filed counterclaims in which it sought a declaratory judgment of noninfringement and attorney fees under 35 U.S.C. § 285. Astechnologies was later permitted to add a federal counterclaim of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, and a state law

counterclaim of tortious interference with potential business relations.

At the time it filed suit, HRT believed that it had obtained ownership of the '185 patent pursuant to an October 6, 1998, assignment from ESFI Acquisition, a company owned by Brian L. Meeker, the inventor of the '185 patent. During discovery, however, the parties learned that HRT did not actually own the '185 patent because ESFI did not own the patent at the time of the purported assignment. Meeker initially had assigned the patent to ESFI on January 5, 1996, but as he was winding up ESFI, he transferred the '185 patent back to himself on June 27, 1996. When HRT executed the October 6, 1998, agreement with ESFI purporting to transfer ownership of the '185 patent, HRT was unaware of the prior June 27, 1996, assignment to Meeker.

Astechnologies moved to dismiss the complaint with prejudice on the ground that HRT lacked standing at the time the action was brought. HRT in turn moved to dismiss the action without prejudice. The district court decided the cross-motions to dismiss by dismissing the action without prejudice to HRT's right to file another action in the event that it obtained standing. HRT promptly corrected the assignment error and re-filed its complaint against Astechnologies. The re-filed case was assigned to the same judge.

Astechnologies filed a motion for reconsideration of the dismissal order. In denying the motion, the district court clarified that by dismissing the action it was not only dismissing HRT's complaint, but also was dismissing Astechnologies' counterclaims. The court noted that Astechnologies could reassert its counterclaims in the new action. Astechnologies accordingly re-filed the same counterclaims in response to HRT's complaint in the second action. A sanctions motion filed by Astechnologies to recover costs, expenses, and attorney fees incurred in defending the first action is still pending before the district court.

Astechnologies appeals from the dismissal order, contending that the district court should have dismissed HRT's complaint with prejudice, which would have barred HRT from pursuing its claim of infringement in the second action. Astechnologies also appeals the district court's dismissal of its counterclaims in the first action.

## II

We must first determine whether we have jurisdiction to hear Astechnologies' appeal from the without-prejudice dismissal of the action. As a preliminary matter, it is clear that Astechnologies has standing as an aggrieved party to appeal from the without-prejudice dismissal of HRT's claims. Although Astechnologies succeeded in having the claims against it dismissed, the dismissal order was not as favorable as Astechnologies sought. Astechnologies asked for a with-prejudice dismissal and did not get it. Instead, the without-prejudice dismissal subjects Astechnologies to further litigation and thus is not entirely in its favor, just as a judgment awarding money damages is not entirely in favor of a plaintiff who had sought a larger award. It is well established that a party can appeal from a judgment in its favor if the judgment is not as favorable as the appealing party sought. *See Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 333–34, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980); *Elec. Fittings Corp. v. Thomas & Betts Co.,* 307 U.S. 241, 242, 59 S.Ct. 860, 83 L.Ed. 1263 (1939); *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.,* 248 F.3d 1333, 1339–40, 58 USPQ2d 1681, 1684–85 (Fed.Cir.2001) (permitting appeal where dismissal of patent infringement ac-

tion failed "to address fully all avenues of potential infringement liability"). The fact that the order dismissing HRT's claims was partially favorable to Astechnologies is therefore no bar to its taking an appeal as to the without-prejudice aspect of the dismissal order, which was unfavorable to it.

The more difficult question is whether the without-prejudice dismissal of the action is a "final decision[ ]" of the district court within the meaning of 28 U.S.C. § 1295(a)(1). If it is not, then we do not have jurisdiction over Astechnologies' appeal.[1]

In *Parr v. United States*, 351 U.S. 513, 76 S.Ct. 912, 100 L.Ed. 1377 (1956), the Supreme Court held that a criminal defendant could not appeal the voluntary, without-prejudice dismissal of an indictment after the government had obtained a new indictment against him in another district. The Court held that even though the defendant was left exposed to further prosecution, the without-prejudice dismissal did not give rise to any legal injury from which the defendant could seek immediate appellate relief. *Id.* at 516–17, 76 S.Ct. 912. The Court viewed the dismissal of the first indictment not as a final order but only as an interlocutory step in the defendant's prosecution. The Court explained that the "testing of the effect of the dismissal order [in the first] case must abide petitioner's trial, and only then, if convicted, will he have been aggrieved." *Id.* at 517, 76 S.Ct. 912, 76 S.Ct. 912. To allow the defendant

to take an immediate appeal from the without-prejudice dismissal, the Court stated, "would defeat the long-standing statutory policy against piecemeal appeals." *Id.* at 519, 76 S.Ct. 912.

■ Because the finality of the dismissal presents an issue of our jurisdiction, we apply our own law, not that of the regional circuit from which the case arose. *See Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1343, 60 USPQ2d 1694, 1696 (Fed.Cir.2001); *State Contracting & Eng'g Corp. v. Florida,* 258 F.3d 1329, 1334, 59 USPQ2d 1498, 1502 (Fed.Cir.2001); *Woodard v. Sage Products, Inc.,* 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (en banc). For the reasons set forth below, we follow the majority rule and hold that the Supreme Court's decision in *Parr* does not deprive us of jurisdiction over a defendant's appeal from a dismissal without prejudice in a civil case.

*Parr* is best understood as resting on the strong policy against piecemeal appeals in criminal cases. The Supreme Court has made clear that finality rules should be applied with particular strictness in criminal prosecutions. *See Flanagan v. United States,* 465 U.S. 259, 264–65, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). The applicability of *Parr* in the civil context has been questioned, *see Disher v. Info. Res., Inc.,* 873 F.2d 136, 139 (7th Cir.1989); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice &*

---

1. In addressing the issue of appealability, courts have sometimes distinguished between orders dismissing a complaint and those dismissing the underlying action initiated by the complaint. *See Azar v. Conley,* 480 F.2d 220, 223 (6th Cir.1973). That distinction has given rise to a "grey area of appealability when the district court dismisses the complaint, but not the action," *see* 19 James Wm. Moore, *Moore's Federal Practice* § 202.11[1][a] at 202–40.14 (3d ed.2001). Some courts have held that an order dismissing a complaint is

not a final order for purposes of appeal when it is possible for a plaintiff to file an amended complaint "resurrecting the lawsuit." *See Network Communications v. Mich. Bell Tel. Co.,* 906 F.2d 237, 238 (6th Cir.1990). That body of case law is inapplicable to the appeal before us, as the district court dismissed the entire action without prejudice, a disposition that required the plaintiff to correct its standing problem before it could refile its complaint and disposed of the pending counterclaims over the defendant's objection.

Procedure § 3902 at 80–82 (1992), and other circuits have generally exercised jurisdiction when the prevailing party in a civil case has argued that a without-prejudice dismissal should have been made with prejudice, *see Farmer v. McDaniel,* 98 F.3d 1548 (9th Cir.1996); *Kirkland v. Nat'l Mortgage Network, Inc.,* 884 F.2d 1367 (11th Cir.1989); *LaBuhn v. Bulkmatic Transp. Co.,* 865 F.2d 119 (7th Cir.1988); *see also Sea–Land Serv. v. Dep't of Transp.,* 137 F.3d 640, 647 n. 4 (D.C.Cir. 1998); *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1095 n. 10 (11th Cir.1996); *but see Ryan v. Comm'r,* 680 F.2d 324 (3d Cir. 1982) (following *Parr* in a civil context).

■ The problems with applying *Parr* in the civil context are well illustrated by this case, in which the district court not only dismissed HRT's patent infringement claims, but also dismissed Astechnologies' counterclaims over Astechnologies' objections. The dismissal without prejudice of a party's claims over that party's objection is normally a final, appealable order. *See United States v. Wallace & Tiernan Co.,* 336 U.S. 793, 794 n. 1, 69 S.Ct. 824, 93 L.Ed. 1042 (1949); *Cyprus Amax Coal Co. v. United States,* 205 F.3d 1369, 1372 (Fed. Cir.2000), *cert. denied,* 532 U.S. 1065, 121 S.Ct. 2214, 150 L.Ed.2d 208 (2001). The consequence of treating the dismissal of the plaintiff's claims as nonfinal in this context would be either to fragment the action for purposes of appeal by permitting an appeal of the dismissal of the counterclaims but not of the dismissal of the plaintiff's claims, or to prohibit an appeal from the without-prejudice order of dismissal of the counterclaims simply because the plaintiff's claims were dismissed without prejudice at the same time. In this respect, an order dismissing a civil action has no parallel in the criminal setting, and the Supreme Court's analysis in *Parr* is therefore not directly applicable here.

■ Finally, the *Parr* decision was based in significant measure on the Court's conclusion that Parr would be entitled to raise his objection to the without-prejudice dismissal of his first indictment if he were convicted in the second proceeding. That conclusion was based in turn on the Court's view of the proceeding initiated by the first indictment as essentially an interlocutory step in the proceeding that continued with the filing of the second indictment. In the civil setting, however, the same analysis does not apply. To the contrary, in the civil setting the second complaint initiates a separate civil action. *See* Fed.R.Civ.P. 2. All the requirements of service apply to the second complaint, and the filing of the first complaint does not establish the starting date for the second action. *See Davis v. Smith's Transfer, Inc.,* 841 F.2d 139, 140 (6th Cir.1988) (holding that the initial filing of a suit later voluntarily dismissed is not the effective date of a second suit because a voluntary dismissal "does not toll or affect in any way the continuous running of the applicable statutory time period").

If the two civil complaints initiate separate proceedings, it follows that Astechnologies would not be permitted to complain about the without-prejudice dismissal of the first complaint at the end of the proceeding initiated by the second. *See Farmer v. McDaniel,* 98 F.3d 1548, 1553–54 (9th Cir.1996) (permitting a state to appeal the without-prejudice dismissal of a prisoner's third habeas corpus petition so that the state could seek an appellate determination that it was entitled to a with-prejudice dismissal for abuse of the writ). Accordingly, the rationale of *Parr*—that an appeal from the first dismissal should not be permitted because the issue can be preserved in the second phase of the case—is inapplicable in this civil setting. We therefore hold that the district court's

order dismissing both the plaintiff's complaint and the defendant's counterclaims is appealable by the defendant as a final order, even where the dismissal was without prejudice.

### III

On the merits, this appeal presents the question whether the district court erred in dismissing the action without prejudice because of the plaintiff's lack of standing. In order to have standing, the plaintiff in an action for patent infringement must be a "patentee" pursuant to 35 U.S.C. §§ 100(d) and 281, or a licensee who holds "all substantial rights" in the patent. *Intellectual Prop. Dev., Inc.,* 248 F.3d at 1342–46, 58 USPQ2d at 1686–90; *Textile Prods., Inc. v. Mead Corp.,* 134 F.3d 1481, 1483–84, 45 USPQ2d 1633, 1635 (Fed.Cir.1998). Holding that HRT could not retroactively correct its standing problem, the district court dismissed the complaint.

On appeal, neither party contends that the district court erred by holding that HRT lacked standing to sue on the '185 patent, and we therefore need not decide that question. Instead, Astechnologies contends that the district court should have dismissed HRT's infringement action with prejudice because it was based on a lack of standing and because of alleged discovery misconduct by HRT. We reject both arguments.

### A

In determining whether a dismissal should have been with or without prejudice, this court applies the law of the pertinent regional circuit, here the Sixth Circuit. *See L.E.A. Dynatech, Inc. v. Allina,* 49 F.3d 1527, 1530, 33 USPQ2d 1839, 1841 (Fed.Cir.1995). Under Sixth Circuit law, the decision whether to dismiss with or without prejudice is committed to the sound discretion of the district court. *Grover by Grover v. Eli Lilly & Co.,* 33 F.3d 716, 718 (6th Cir.1994). We conclude that the district court did not abuse its discretion in dismissing HRT's patent infringement action without prejudice.

A dismissal with prejudice bars a subsequent action between the same parties or their privies on the same claim, but a dismissal without prejudice, although it constitutes a final termination of the first action, does not bar a second suit. Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice. In this case, the district court concluded that HRT could cure its standing defect by executing a valid assignment and re-filing its complaint, and that nothing in the first proceeding provided any compelling reason to deprive HRT of the right to seek to enforce its patent. The district court's reasoning on that point has not been shown to be unsound; the court therefore did not abuse its discretion by dismissing HRT's complaint without prejudice.

Astechnologies cites *Textile Productions, Inc. v. Mead Corp.,* 134 F.3d 1481, 45 USPQ2d 1633 (Fed.Cir.1998), for the proposition that the dismissal of a patent infringement action brought by a party without standing should always be "with prejudice." In that case, the plaintiff was a licensee under a patent owned by the defendant. Through a purchase agreement, the plaintiff was licensed to supply the defendant with the defendant's requirements of the products covered by the patent, but the purchase agreement provided that the defendant could seek other producers if the plaintiff was unable to meet the defendant's needs. The defen-

dant subsequently became dissatisfied with the plaintiff's production and contracted with another producer. The plaintiff then filed suit against the defendant and the new producer, alleging that the plaintiff was the exclusive licensee of the patent at issue and that the defendant and the new producer had infringed the plaintiff's rights under the patent. The trial court granted the defendant's motion for summary judgment, holding that under the agreement the plaintiff was not the exclusive licensee of the patent and thus had no standing to assert its claims. On appeal, this court affirmed, noting that "[t]he district court correctly dismissed the infringement claim with prejudice because Textile had its chance to show standing and failed ." *Id.* at 1485, 134 F.3d 1481, 45 USPQ2d at 1636.

There is no suggestion in *Textile Productions* that dismissals for lack of standing should always be with prejudice. In fact, this court has cited *Textile Productions* in a subsequent case for the proposition that a dismissal for lack of standing would ordinarily be without prejudice. *See Intellectual Prop. Dev., Inc.,* 248 F.3d at 1339 n. 4, 58 USPQ2d at 1684 n. 4. The nature of the dismissal in *Textile Productions* was not contested by the parties to that appeal, which is not surprising since it was plainly unlikely that the plaintiff would have been able to cure the standing problem. To do so would have required the plaintiff to renegotiate the license agreement with the hostile defendant in order to acquire legal rights sufficient to be considered a "patentee." Because of the very different setting in which that case arose, we decline Astechnologies' invitation to read *Textile Productions* as establishing a broad rule requiring that all dismissals of patent infringement actions for lack of standing be with prejudice.

Astechnologies also cites *Gaia Technologies, Inc. v. Reconversion Technologies, Inc.,* 93 F.3d 774, 39 USPQ2d 1826 (Fed. Cir.1996), and *Enzo APA & Son, Inc. v. Geapag A.G.,* 134 F.3d 1090, 45 USPQ2d 1368 (Fed.Cir.1998), in support of its argument. Although both of those cases hold that *nunc pro tunc* assignments and licenses cannot confer standing retroactively, neither case addresses whether the dismissal of defective patent infringement claims should be with or without prejudice. Thus, none of the authorities cited by Astechnologies undermines the general principle that the decision whether such a dismissal should be with or without prejudice is within the discretion of the district court.

B

■■■ As an additional contention, Astechnologies argues that dismissal with prejudice is required because of alleged misconduct by HRT during the discovery process. The district court, however, expressly left issues concerning alleged misconduct for review by a magistrate judge in the context of a pending sanctions motion. The district court based the dismissal solely on HRT's lack of standing and chose not to impose a sanction as severe as dismissal with prejudice, reasoning that HRT had been unaware that its filing was premature. We have no reason to second-guess the district court's judgment on those matters; we therefore hold that the district court did not abuse its discretion by dismissing HRT's complaint without prejudice.

IV

■■■ At the time the district court dismissed the action, Astechnologies had a number of motions still pending before the district court, including a motion for summary judgment of noninfringement, a mo-

tion for sanctions under Fed.R.Civ.P. 11, and counterclaims for attorney fees under section 285, unfair competition, and tortious interference with potential business relations. In ruling on Astechnologies' motion for reconsideration, the district court clarified that it planned to address the issue of sanctions by separate order. It further clarified that the dismissal of the action included the dismissal of Astechnologies' counterclaims. The court reasoned that because HRT lacked standing, Astechnologies' counterclaims were directed against the wrong party and that nothing precluded Astechnologies from reasserting its counterclaims in the second action.

The district court was correct that Astechnologies' counterclaim of noninfringement was asserted against the wrong party because HRT could not defend a claim of noninfringement on behalf of Meeker, the real party in interest at that time. The standing defect, however, had no effect on the remaining counterclaims. Regardless of patent ownership, it was not improper for Astechnologies to assert the counterclaims of unfair competition, tortious interference with business relations, and section 285 attorney fees against HRT. Moreover, because two of those counterclaims were within the district court's federal question jurisdiction, the state law claim that was before the court based on supplemental jurisdiction did not have to be dismissed when the original complaint was dismissed.

We recognize that the practical effect of the dismissal of the counterclaims may be insignificant, as they have all been reasserted in the new proceedings. Because it was legal error for the district court to dismiss those counterclaims, however, and because it is conceivable that there may be some legal significance to the timing of the filing of the counterclaims in the first action, we vacate the district court's order to the extent that it dismissed the Lanham Act counterclaim, the state law counterclaim, and the section 285 claim for attorney fees.

Although the district court's opinion suggests that the sanctions motion still pending before it is based on Fed.R.Civ.P. 11, it may be that the court views the sanctions motion as also encompassing Astechnologies' section 285 claim for attorney fees. If the district court regards the section 285 counterclaim as still under consideration in the pending sanctions motion, it may disregard this court's order to vacate the dismissal of that counterclaim, as long as Astechnologies is given the opportunity to have its section 285 counterclaim addressed by the district court in connection with the first proceeding.

Each party shall bear its own costs for this appeal.

*AFFIRMED–IN–PART, VACATED–IN–PART, AND REMANDED.*