# United States Court of Appeals for the Federal Circuit

2008-1441, -1454

UNIVERSITY OF PITTSBURGH,

Plaintiff-Appellant,

v.

VARIAN MEDICAL SYSTEMS, INC.,

Defendant-Cross Appellant.


Roderick R. McKelvie, Covington & Burling LLP, of Washington, DC, argued for plaintiff-appellant. With him on the brief were Richard J. Johnson, Jr.; and Deanna L. Kwong, of San Francisco, California. Of counsel on the brief were Daniel Johnson, Jr., Morgan, Lewis & Bockius LLP, of San Francisco, California and Peter Buscemi, of Washington, DC.

Matthew H. Poppe, Orrick, Herrington & Sutcliffe LLP, of Menlo Park, California, argued for defendant-cross appellant. With him on the brief were William L. Anthony, Eric L. Wesenberg, and Zheng Liu.

Appealed from: United States District Court for the Western District of Pennsylvania

Judge Arthur J. Schwab

# United States Court of Appeals for the Federal Circuit

2008-1441, -1454

UNIVERSITY OF PITTSBURGH,

Plaintiff-Appellant,

v.

VARIAN MEDICAL SYSTEMS, INC.,

Defendant-Cross Appellant.

Appeals from the United States District Court for the Western District of Pennsylvania in case no. 07-CV-0491, Judge Arthur J. Schwab.

_____

DECIDED: June 9, 2009

_____

Before GAJARSA, CLEVENGER, and DYK Circuit Judges.

GAJARSA, Circuit Judge.

The University of Pittsburgh ("Pitt") appeals the final judgment of the United States District Court for the Western District of Pennsylvania dismissing with prejudice its patent infringement action for lack of standing.  Judgment, Univ. of Pittsburgh v. Varian Med. Sys., Inc., No.07-CV-0491 (W.D. Penn. June 16, 2008).  Varian Medical Systems, Inc. ("Varian") cross appeals the district court's denial of its motions for sanctions and attorney fees.  We need not decide whether a dismissal was warranted in this case because we hold the district court erred in dismissing the claims "with

prejudice." Thus, we vacate the dismissal and remand with instructions to designate the dismissal as "without prejudice."

## BACKGROUND

In 1994, scientists at Pitt and Carnegie Mellon University ("Carnegie Mellon") agreed to collaborate to develop an improved apparatus for administering radiation therapy to lung cancer patients. Pitt and Carnegie Mellon adopted a set of policy guidelines ("Guidelines") to govern intellectual property rights and technology transfer procedures regarding products of that collaboration. In accordance with the Guidelines, the universities designated Pitt's Technology Transfer Office to commercialize the inventions relevant to this case. Pitt then filed two patent applications covering those inventions, which issued as U.S. Patent Nos. 5,727,554 ("the '554 patent") and 5,784,431 ("the '431 patent"). Pitt is the named assignee on those patents.

In April 2007, Pitt sued Varian for infringement of the '554 and '431 patents. On November 21, 2008, Varian moved for summary judgment based on its assertion that Pitt lacks standing to bring the action. Specifically, Varian alleged that Carnegie Mellon is a co-owner of the patents in suit, and that because Carnegie Mellon was not joined as a plaintiff, Pitt lacks standing to sue for patent infringement. See Int'l Nutrition Co. v. Horphag Research Ltd., 257 F.3d 1324, 1331 (Fed. Cir. 2001) (stating that "all co-owners normally must join as plaintiffs in an infringement suit"). A few days later, on November 26, the district court referred that motion to a special master. On December 5, 2007, Pitt moved to join Carnegie Mellon as a plaintiff pursuant to Federal Rule of Civil Procedure 19; the district court denied that motion without explanation. Order Den. Pl.'s Mot. to Join Carnegie Mellon University, Univ. of Pittsburgh v. Varian Med. Sys., Inc., No. 07-CV-0491 (W.D. Penn. Dec. 14, 2007) ("Order Denying Joinder").

On March 8, 2008, the special master submitted his report and recommendation to the district court. The special master determined that Carnegie Mellon is a co-owner of the patents in suit and a necessary party to the action. The special master recommended that the district court grant Varian's motion for summary judgment without prejudice to Pitt filing an amended complaint with Carnegie Mellon added as a plaintiff. In the alternative, the special master recommended that the district court vacate its previous order denying Pitt's motion to join Carnegie Mellon. Varian objected to the special master's recommendation, arguing that it was too late for Pitt to add Carnegie Mellon and urging the district court to dismiss the action with prejudice. The district court agreed with Varian, dismissing the action with prejudice on the grounds that Carnegie Mellon should have been joined when the action was commenced and that joinder at that point in the litigation would be unfair to Varian. Univ. of Pittsburgh v. Varian Med. Sys., Inc., No. 07-CV-0491, 2008 WL 1909208, at *2–3 ("Pitt I"). Pitt's failure to join Carnegie Mellon in a timely manner was thus fatal to Pitt's standing to sue. Id.

Pitt timely appealed to this court. We have jurisdiction over the district court's final judgment pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

On appeal, Pitt argues that the district court erred in dismissing the action because Carnegie Mellon is not a co-owner of the patents and thus not a necessary party to the action. Pitt also asserts that the district court further erred when it designated its dismissal as a dismissal "with prejudice." We find that argument persuasive. Namely, we hold that even if Carnegie Mellon is a necessary party, and even if dismissal is a proper consequence for Pitt's failure to join Carnegie Mellon, the

dismissal should have been without prejudice. Because that holding resolves the conflict before us, we decline to consider whether Carnegie Mellon is a necessary party to the action or whether dismissal would be the proper consequence if Pitt failed to join a necessary party.[1]

## I. Standard of Review

In reviewing a district court's determination that a dismissal should be with prejudice, we apply the procedural law of the pertinent regional circuit. See H.R. Techs., Inc. v. Astechnologies, Inc., 275 F.3d 1378, 1384 (Fed. Cir. 2002). The Third Circuit reviews a district court's decision to designate a dismissal as "with prejudice" for abuse of discretion. See, e.g., Anderson v. Ayling, 396 F.3d 265, 271 (3d Cir. 2005); Alvin v. Suzuki, 227 F.3d 107, 111 (3d Cir. 2000). We review the district court's relevant factual findings for clear error. See Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Employees, 974 F.2d 391, 397 (3d Cir. 1992).

In the present case, the district court gave two reasons for dismissing the case with prejudice: (1) because Pitt should have joined Carnegie Mellon at the commencement of its infringement action and (2) because Pitt's attempt to join Carnegie Mellon was "untimely and unfair to defendant." Pitt I, 2008 WL 1909208, at *2–3. Dismissal with prejudice is improper under either rationale.

---

[1] At oral argument, Pitt admitted that should we decide in its favor on the issue of whether the district court erred by designating that the dismissal is "with prejudice," that holding resolves this case such that we need not reach the additional issues presented by Pitt. Recording of Oral Argument at 41:15–41:35, Univ. of Pittsburgh v. Varian Med. Sys., Inc., No. 2008-1441, -1454 (Fed. Cir. Mar. 5, 2009), available at http://oralarguments.cafc.uscourts.gov.

## II. Joinder of the Patent's Co-Owner

As this court has explained, if a co-owner of a patent wishes to sue for infringement, he must join the other co-owners in the action in order to avoid a dismissal for lack of standing. Isr. Bio-Eng'g Project v. Amgen Inc., 475 F.3d 1256, 1264–65 (Fed. Cir. 2007). In the present case, the district court dismissed the action based on its determination that Pitt lacks standing because it failed to join a co-owner of the '554 and '431 patents, Carnegie Mellon, at the inception of its lawsuit. Thus, the district court's action may be considered a dismissal for failure to join a necessary party under Federal Rule of Civil Procedure 19(b) or, more generally, a dismissal for lack of standing. We consider each possible rationale in turn.

Federal Rule of Civil Procedure 12(b)(7) allows a district court to dismiss an action for failure to join a party under Rule 19. However, it is clear that a dismissal for failure to join a party is not an adjudication on the merits, and thus, should not have preclusive effect—i.e. such a dismissal should be without prejudice. See Hughes v. United States, 71 U.S. (4 Wall.) 232, 237 (1866) ("If the first suit was dismissed for defect of pleadings, or parties, . . . the judgment rendered will prove no bar to another suit."); Gilman v. Rives, 35 U.S. (10 Pet.) 298, 301–02 (1836) ("[A] judgment that a declaration is bad in substance [i.e. as here for failure to join necessary parties] . . . can never be pleaded as a bar to a good declaration for the same cause of action. The judgment is in no just sense a judgment upon the merits."); see also 18A Wright, Miller & Cooper, Federal Practice and Procedure § 4438 (2d ed. 1987). For these reasons, if the district court concluded that Pitt failed to join a co-owner of the patents in suit, then it had discretion to dismiss the action, but it lacked discretion to do so with prejudice. The district court should have dismissed the action without prejudice, which would allow Pitt

to file a second action with the standing defect cured through the joinder of the proper parties or an assignment of the necessary patent rights.

Even if we ignore the party joinder issue and view the district court's action as a simple dismissal for lack of standing, we still conclude that the district court abused its discretion. A dismissal for lack of standing is jurisdictional and is not an adjudication on the merits. Media Techs. Licensing, LLC v. Upper Deck Co., 334 F.3d 1366, 1370 (Fed. Cir. 2003) ("Because standing is jurisdictional, lack of standing precludes a ruling on the merits."). The Third Circuit and this court, as well as other regional circuit courts, have repeatedly emphasized that a dismissal for lack of standing should generally be without prejudice, particularly when the defect is curable. See, e.g., Pa. Prison Soc'y v. Cortes, 508 F.3d 156, 158 (3d Cir. 2007) ("We now hold that the District Court may not have had jurisdiction to decide the merits of the complaint. Accordingly, we . . . remand with directions to conduct further proceedings, as necessary, to determine whether any of the plaintiffs has standing and if not, to dismiss the complaint without prejudice."); Fieldturf, Inc. v. Sw. Recreational Indus., 357 F.3d 1266, 1269 (Fed. Cir. 2004) ("Ordinarily, dismissal for lack of standing is without prejudice. On occasion, however, a dismissal with prejudice is appropriate, especially where it is plainly unlikely that the plaintiff will be able to cure the standing problem." (internal citation and quotation marks omitted)); H.R. Techs., 275 F.3d at 1384 ("Because lack of standing is not an issue that goes to the merits of the underlying patent issues, a dismissal of a complaint for lack of standing would not normally be expected to be made with prejudice."); Korvettes, Inc. v. Brous, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim. Ordinarily, such a dismissal is 'without

prejudice.'"); see also Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1234–35 (11th Cir. 2008) (explaining that a dismissal for lack of standing is necessarily without prejudice because the court lacked subject matter jurisdiction and thus could not reach the merits of the claim); Fleck & Assocs. v. City of Phoenix, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (same); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216–19 (10th Cir. 2006) (same and collecting cases); Kasap v. Folger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999) (modifying a dismissal to be without prejudice because "dismissals for lack of jurisdiction are not decisions on the merits and therefore have no res judicata effect on subsequent attempts to bring suit in a court of competent jurisdiction"). Thus, the law universally disfavors dismissing an action with prejudice based on lack of standing, and there is a strong presumption that such a dismissal is improper.

Nonetheless, Varian argues that we should affirm the "with prejudice" nature of the district court's dismissal because we have twice affirmed such a dismissal with prejudice. We disagree; the cases cited by Varian do not support dismissal with prejudice in this case. In Sicom, we affirmed the district court's dismissal with prejudice because the action at issue "was Sicom's second suit that was dismissed for lack of standing" and because "Sicom already had a chance to cure the defect and failed." Sicom Sys., Ltd. v. Agilent Techs., Inc., 427 F.3d 971, 980 (Fed. Cir. 2005) (also noting that "dismissal with prejudice is generally inappropriate where the standing defect can be cured"). The present case is distinguishable in at least three ways: Pitt did not file a previous action that was dismissed for lack of standing; Pitt's motion attempting to cure the defect by joining Carnegie Mellon was denied; and Pitt's alleged standing defect can

be cured. Our decision in <u>Textile Productions</u> likewise does not support Varian's position because, in that case, it was unlikely that the standing defect could be cured. <u>See</u> <u>Textile Prods., Inc. v. Mead Corp.</u>, 134 F.3d 1481, 1484–85 (Fed. Cir. 1998); <u>see also</u> <u>H.R. Techs.</u>, 275 F.3d at 1385 (noting that the parties did not contest the "with prejudice" nature of the dismissal in <u>Textile Productions</u>, most likely because "it was plainly unlikely that the plaintiff would have been able to cure the standing problem" and additionally noting that this court has cited <u>Textile Productions</u> "for the proposition that a dismissal for lack of standing would ordinarily be without prejudice"). Thus, our decisions in <u>Sicom</u> and <u>Textile Productions</u> are entirely consistent with this court's repeated statements that a dismissal for lack of standing should generally be without prejudice so as to permit the filing of a new action by a party with proper standing. In this case, we can discern no facts that merit deviation from that general rule, and we hold that the district court abused its discretion.

### III. Dismissal with Prejudice as a Sanction

As a second reason for dismissing the action with prejudice, the district court explained that Pitt's belated attempts to join Carnegie Mellon were "untimely and unfair" to Varian. However, the district court cited no authority indicating why dismissal with prejudice is a proper consequence for an "untimely and unfair" attempt to join a party. Varian argues the "with prejudice" nature of the dismissal was an appropriate sanction based on Pitt's failure to follow the court's scheduling order and Pitt's "undue delay" during the litigation. To support its argument, Varian refers specifically to the district court's statements that "Plaintiff obviously knew of CMU's existence and its residual rights in the patents-in-suit, and chose not to join CMU," that Pitt's decision not to join Carnegie Mellon appeared to be for "tactical" reasons, and that Pitt's attempt to join

Carnegie Mellon was "untimely and unfair" to Varian. Pitt I, 2008 WL 1909208, at *2–3. The determination of whether dismissal with prejudice is an appropriate sanction for such actions is a procedural issue not unique to patent law, and thus, we apply the law of the regional circuit. See, e.g., Bowling v. Hasbro, Inc., 403 F.3d 1373, 1375 (Fed. Cir. 2005); L.E.A. Dynatech, Inc. v. Allina, 49 F.3d 1527, 1531 (Fed. Cir. 1995).

Under Third Circuit law, dismissal with prejudice may be, although it rarely is, a proper sanction. See, e.g., Venuto v. Witco Corp., 117 F.3d 754, 759 (3d Cir. 1997) ("[I]f a district court concludes that a litigant has unduly delayed, it can—and, presumably, ordinarily will—deny a motion to amend 'with prejudice.'"). However, the law makes clear that dismissal with prejudice should rarely be used as a sanction. See Alvin, 227 F.3d at 122 (noting that dismissal with prejudice "is a severe and disfavored remedy"); Blasband v. Rales, 971 F.2d 1034, 1055 (3d Cir. 1992) (stating, while considering the propriety of a dismissal with prejudice, that "[o]ur case law manifests a strong preference that plaintiffs be given leave to amend where amendment is likely to cure the defects resulting in dismissal"); Harris v. Cuyler, 664 F.2d 388, 390 (3d Cir. 1981) (stating that "a party should not be denied the right to assert or defend against claims as a 'mere punishment'" and expressing the Third Circuit's "reluctance to sustain dismissal with prejudice"); see also Dyotherm Corp. v. Turbo Mach. Co., 392 F.2d 146, 148–49 (3d Cir. 1968) ("Dismissal is a harsh sanction which should be resorted to only in extreme cases. The power of the court to prevent undue delays and to control its calendars must be weighed against the policy of law which favors disposition of litigation on its merits."). In other words, "dismissal [with prejudice] is a drastic sanction and should be reserved for those cases where there is a clear record of delay or

contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982). Relying on Donnelly, the Third Circuit has explicitly instructed:

> [F]our factors which, while not exclusive, are relevant to a determination whether a dismissal with prejudice is appropriate: (1) the degree of the plaintiff's personal responsibility for the delay; (2) prejudice to the defendant occasioned by the delay; (3) any history that the plaintiff proceeded in a dilatory manner; and (4) the effectiveness of sanctions other than dismissal.

Madesky v. Campbell, 705 F.2d 703, 704 (3d Cir. 1983). The Third Circuit has interpreted the fourth factor "to require that the district court indicate on the record that it has considered sanctions less severe than dismissal." Id.

In the present case, the district court's opinion simply fails to discuss any of the relevant factors. Although the opinion states that it finds dismissal to be more appropriate than adding Carnegie Mellon to the action, Pitt I, 2008 WL 1909208, at *3, that alone does not explain why the dismissal should be with prejudice. Of more relevance, the district court's opinion states that Pitt knew of Carnegie Mellon's residual rights in the patents and indicates that Pitt chose not to join Carnegie Mellon for tactical reasons. See id. Varian relies heavily on those statements to support its assertion that the district court properly dismissed the action with prejudice as a sanction. We disagree with Varian because those statements are not sufficient to support a dismissal with prejudice.

Although the district court's statements do relate to three of the Donnelly factors—namely Pitt's responsibility for the delay, prejudice to Varian, and Pitt's history of delay—the district court provided no explanation or citations to the record to support its statements. The district court likewise provided no explanation when it initially

denied Pitt's motion to join Carnegie Mellon.  See Order Denying Joinder.  On occasion, we may affirm the district court's judgment in the absence of a recitation of its reasons for entering the judgment because "[w]e sit to review judgments, not opinions."  See Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1540 (Fed. Cir. 1983).  However, we cannot affirm here; the judgment is not supported by the record.  First, the record does not support the district court's statements that Pitt knew it must join Carnegie Mellon but declined to do so.  Whether Carnegie Mellon is a necessary party to Pitt's infringement action is a complex question; it presents novel facts that we have not previously considered in the standing context, and Pitt could have reasonably determined that Carnegie Mellon need not be joined.  Second, we have considered all of the evidence cited by Varian, but it falls short of demonstrating that any of the Donnelly factors were met here.  Any doubts regarding the use of dismissal as a sanction "should be resolved in favor of reaching a decision on the merits."  Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984).  Because dismissal with prejudice is a harsh sanction that is disfavored under Third Circuit law and is not justified on this record, the dismissal should have been without prejudice.

We have considered the parties' remaining arguments, including Varian's arguments in support of its cross appeal, and we find them unpersuasive.

**CONCLUSION**

Because the district court's dismissal of Pitt's infringement action with prejudice was an abuse of discretion under all rationales proffered by Varian, we vacate the dismissal and remand with instructions to designate the dismissal as without prejudice to Pitt's ability to establish standing through the joinder of Carnegie Mellon or the assignment of whatever rights Carnegie Mellon may have in the patents in suit.

## VACATED AND REMANDED

## COSTS

No costs.