**UNIVERSITY OF PITTSBURGH OF the COMMONWEALTH SYSTEM OF HIGHER EDUCATION (doing business as University of Pittsburgh), Plaintiff–Appellant,**

v.

**VARIAN MEDICAL SYSTEMS, INC., Defendant–Cross Appellant.**

Nos. 2009–1227, 2009–1240.

United States Court of Appeals, Federal Circuit.

Nov. 9, 2009.

Roderick R. McKelvie, Covington & Burling LLP, Peter Buscemi, Morgan, Lewis & Bockius LLP, Washington, DC, Daniel Johnson Jr., Morgan, Lewis & Bockius LLP, Deanna L. Kwong, Covington & Burling LLP, San Francisco, CA, for Plaintiff–Appellant.

Matthew H. Poppe, Orrick, Herrington & Sutcliffe LLP, Menlo Park, CA, for Defendant–Cross Appellant.

Before RADER, CLEVENGER, and DYK, Circuit Judges.

RADER, Circuit Judge.

*ORDER*

The University of Pittsburgh of the Commonwealth System of Higher Education (Pitt) moves without opposition to vacate the December 17, 2008, 630 F.Supp.2d 576, final judgment entered by the United States District Court for the Western District of Pennsylvania, remand for further proceedings, and dismiss the cross-appeal.

In April 2007, Pitt alone brought suit against Varian Medical Systems, Inc., alleging infringement of two of its patents. On April 30, 2008, the district court dismissed the complaint with prejudice on the ground that Pitt lacked standing without first joining Carnegie Mellon University (Carnegie Mellon), an alleged co-owner of the patents. The parties appealed to this court, appeals nos.2008–1441, –1454.

In June 2008, Pitt filed the underlying action in the United States District Court for the Northern District of California, making these same patent infringement allegations. That case was transferred by the California district court to the Pennsylvania district court. The Pennsylvania district court dismissed this suit with prejudice. The parties then again appealed to this court, appeal nos.2009–1227, –1240. We stayed proceedings in this set of consolidated appeals pending this court's final disposition in the first set of consolidated appeals.

In *Univ. of Pittsburgh v. Varian Medical Systems, Inc.*, 569 F.3d 1328 (Fed.Cir. 2009), this court held that even if Carnegie Mellon was a necessary party to the suit and even if dismissal was appropriate, the district court erred in dismissing the suit with prejudice. This court vacated the

district court's decision to dismiss the complaint with prejudice and remanded with instructions to designate the dismissal as without prejudice to Pitt's ability to establish standing.

Because the dismissal of the underlying complaint was based on the district court's initial decision which has now been vacated, we agree that this case should be treated in the same manner. We therefore lift the stay of proceedings in 2009–1227, –1240, vacate the district court's decision, and remand with instructions to dismiss the complaint without prejudice to Pitt's ability to establish standing.

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted.

(2) Each side shall bear its own costs.