NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PARALLEL NETWORKS, LLC,**

*Plaintiff-Appellant*

**v.**

**KAYAK SOFTWARE CORPORATION, DBA KAYAK.COM, ORBITZ, LLC, ORBITZ WORLDWIDE, INC., ORBITZ WORLDWIDE, LLC, ORBITZ AWAY LLC, SHOEBUY.COM, INC., WOLVERINE WORLD WIDE INC.,**

*Defendants-Cross-Appellants*

---

2015-1681, 2016-1944

---

Appeals from the United States District Court for the Eastern District of Texas in Nos. 6:10-cv-00111-RWS, 6:10-cv-00275-RWS, 6:10-cv-00491-RWS, Judge Robert Schroeder III.

---

Decided: July 5, 2017

---

TIMOTHY J.H. CRADDOCK, Klemchuk LLP, Dallas, TX, argued for plaintiff-appellant.

DAVID BRANDON CONRAD, Fish & Richardson P.C., Dallas, TX, argued for defendants-cross-appellants. Also

represented by RICARDO BONILLA, NEIL J. MCNABNAY; JOHN A. DRAGSETH, Minneapolis, MN.

—————————

Before DYK, BRYSON, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

This case returns to us from the United States District Court for the Eastern District of Texas (district court), where Parallel Networks, LLC (Parallel Networks) asserted U.S. Patent No. 6,446,111 ('111 Patent) against more than 100 defendants for their use of certain applets on their websites. Over Parallel Networks' opposition, the district court granted summary judgment of non-infringement for Kayak Software Corp., d/b/a Kayak.com (Kayak); Orbitz LLC, Orbitz Worldwide, Inc., Orbitz Worldwide, LLC, Orbitz Away LLC (collectively, Orbitz); and Wolverine World Wide, Inc. (Wolverine), because their accused applets did not meet the "executable applet" claim limitation in the '111 Patent. Shoebuy.com LLC (Shoebuy) also moved for summary judgment of non-infringement. In response, Parallel Networks proposed that it would dismiss its infringement claim against Shoebuy with prejudice, if Shoebuy agreed to dismiss its invalidity counterclaim with prejudice. After the parties failed to reach an agreement, the district court dismissed both the infringement claim and invalidity counterclaim with prejudice. With the merits resolved, all defendants moved for attorneys' fees, pursuant to 35 U.S.C. § 285 (2012), but the district court denied that motion. We agree with the district court in all respects, but for its dismissal of Shoebuy's invalidity counterclaim with prejudice. We, therefore, *affirm in part* and *reverse in part*.

BACKGROUND

Because we write for the parties, familiarity with the facts of this case, including all proceedings at the district

court, is presumed. Previously, we "construe[d] the asserted claims of the '111 [P]atent to require that the applet be executable or operable when it is generated and before it is first transmitted to the client, which means it must include both the particularized data and the functionality." *Parallel Networks, LLC v. Abercrombie & Fitch Co.*, 704 F.3d 958, 968 (Fed. Cir. 2013). We explained that if "the client needs to 'obtain' information in order to execute" the applet, then "no 'executable' or 'operable' applet is generated and . . . transferred from the server to the client, as the patent requires." *Id.* at 970.

Given our construction and understanding of the '111 Patent, the district court here granted summary judgment of non-infringement in favor of Kayak, Orbitz, and Wolverine, because Parallel Networks admitted that these defendants' accused applets, once they reached the client, relied on resources that were "transmitted separately" (external resources) for the applet to be executable. J.A. at 11. The accused applets, therefore, were not executable applets as required by the patent claims.

As to Kayak, the district court had to resolve whether Kayak's accused applet in fact relied on external resources to be executable at the client. *Id.* at 15–16. In opposing Kayak's motion for summary judgment of non-infringement, Parallel Networks explained, through its expert, that Kayak's accused applet relied on external resources to be executable. *See id.* But later, in a surreply brief, Parallel Networks changed its position and argued, again through its expert, that the accused applet did *not* rely on external resources to be executable. *See id.* The district court rejected Parallel Networks' attempt to backtrack from its earlier explanation as to how Kayak's accused applet is executable. *See id.*

Parallel Networks undertook a different strategy with Shoebuy. Instead of opposing Shoebuy's summary judgment motion of non-infringement, Parallel Networks

offered to dismiss its infringement claim with prejudice, provided that Shoebuy did the same for its invalidity counterclaim. *See id.* at 3409 & n.3. The parties could not reach an agreement about dismissal as they came to an impasse over the particulars of a covenant not to sue on the '111 Patent (covenant). The district court ultimately dismissed both the infringement claim and the invalidity counterclaim with prejudice, relying on the purported existence of a covenant. *See id.* at 3409–10. Shoebuy sought reconsideration to change the dismissal of its invalidity counterclaim to one without prejudice, contending that the district court erroneously found that there was a covenant. *See id.* at 3411–12. The district court declined to reconsider its decision. *See id.* at 3412.

Finally, all of these defendants moved for attorneys' fees under § 285, arguing that the case was exceptional because Parallel Networks pursued an infringement theory against these defendants that was foreclosed by our prior opinion in this case and because Parallel Networks litigated the case unreasonably by merely seeking to force settlements with no intention of testing the merits of its case. *See id.* at 3415–18. The district court denied the motion, finding nothing exceptional about either Parallel Networks' infringement theory or its litigation strategy. *See id.*

Parallel Networks appeals the district court's entry of summary judgment of non-infringement in favor of Kayak, Orbitz, and Wolverine, as well as the district court's refusal to permit Parallel Networks to amend its description of how Kayak's accused applet is executable. All defendants cross-appeal the district court's denial of attorneys' fees pursuant to 35 U.S.C. § 285. Shoebuy cross-appeals the district court's dismissal of its invalidity counterclaim with prejudice. We have jurisdiction under 28 U.S.C. § 1295(a)(1) (2012).

## DISCUSSION

### A. Appeal

We review a grant of summary judgment in accordance with the law of the regional circuit, here the Fifth Circuit. *Ineos USA LLC v. Berry Plastics Corp.*, 783 F.3d 865, 868 (Fed. Cir. 2015). The Fifth Circuit reviews de novo a district court's grant of summary judgment. *Id.* (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007)).

As an initial matter, the district court correctly prohibited Parallel Networks from revising its explanation of how Kayak's accused applet is executable in the midst of summary judgment briefing. Parallel Networks cannot assert that Kayak's accused applet relies on external resources to be executable while opposing Kayak's summary judgment motion, and then assert to the contrary that it does not in the surreply, without justification. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." (citations and footnote omitted)); *see also Parallel Networks*, 704 F.3d at 970 (ipse dixit testimony from Parallel Networks' expert was insufficient to preclude summary judgment). No adequate justification was ever provided, and so there was no genuine issue of material fact that Kayak's accused applet relies on external resources. *Compare* J.A. at 3009–10, *with id.* at 3357–58.

The district court also correctly held that the accused applets of Kayak, Orbitz, and Wolverine could not infringe the '111 Patent because the accused applets are not executable once they are transmitted from a server to a client device. The executable applet claimed in the patent "cannot be finalized at the client, whether by an 'external program,' a 'web server application,' or some other mechanism." *Parallel Networks*, 704 F.3d at 969; *see also id.* at

970 ("The fact that the client needs to 'obtain' information in order to execute, however, confirms that no 'executable' or 'operable' applet is generated and then transferred from the server to the client, as the patent requires."). As Parallel Networks admitted, the accused applets rely on external resources to be executable *after* they are transmitted to the client, which necessarily means that they are not executable applets as claimed in the patent. *See id.* at 970 ("The fact that the client needs to 'obtain' information in order to execute, however, confirms that no 'executable' or 'operable' applet is generated and then transferred from the server to the client, as the patent requires.").

According to Parallel Networks, the district court erred in entering summary judgment because we made clear in our earlier decision that "whether an applet is 'executable' is determined by looking at how the applet performs on an intended client device." Appellant Br. at 15. This argument misunderstands our earlier decision as we "construe[d] the asserted claims of the '111 [P]atent to require that the applet be *executable* or operable when it is generated and *before it is first transmitted to the client*, which means it must include both the particularized data and the functionality." *Parallel Networks*, 704 F.3d at 968 (emphasis added).

In sum, the district court correctly entered summary judgment of non-infringement in favor of Kayak, Orbitz, and Wolverine.

## B.  Cross-Appeal

### 1.  Attorneys' Fees Under 35 U.S.C. § 285

A district court may award attorneys' fees to prevailing parties in an exceptional case. *See* 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law

and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, __ U.S. __, 134 S. Ct. 1749, 1756 (2014). The "[d]istrict court[] may determine whether a case is 'exceptional' in the case-by-case exercise of [its] discretion, considering the totality of the circumstances." *Id.* "[A] 'nonexclusive' list of 'factors'" to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at __, 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). Considering the degree of deference we give to district courts on this matter, we cannot say that the district court abused its discretion by not deeming the case exceptional.[1]

The defendants first contend that the district court abused its discretion in concluding that Parallel Networks had a plausible infringement theory because their applets were no different than those accused applets we previously held were non-infringing. But that is not quite so. The accused applets we examined in our earlier decision were "missing at least one portion of the functional code or data when the applet [was] transferred to the client" and used "a link" as a placeholder to retrieve the missing portion. *Parallel Networks*, 704 F.3d at 968. We explained that the '111 Patent does not contemplate such applets. *See id.* at 967 (explaining that the '111 Patent "does not describe . . . a scenario in which, in response to a request,

---

[1]  Judge Leonard E. Davis initially presided over the case, but left the judiciary before the case concluded. The case was then reassigned to Judge Robert W. Schroeder III. Judge Schroeder's finding reflects consideration of not only his impression of the case, but also that of Judge Davis.

only part of the applet is generated (with a placeholder for the rest) and is transmitted to the client, which then tries to execute it and, finding it non-executable and inoperable, follows a *link* back over the network to retrieve the additional data and/or functionality that is needed for the applet to run." (emphasis added)).  The defendants, however, do not dispute that their accused applets do not contain a "link" for retrieval of additional data and/or functionality after transmission to the client to be executable.  Thus, some daylight existed between the accused applets from our earlier decision and the accused applets here.

The defendants also contend that the district court abused its discretion in concluding that Parallel Networks did not litigate the case unreasonably because Parallel Networks primarily instituted the case to extract nuisance value settlements rather than to litigate the merits. They assert that the district court had at one point agreed with that assessment.  We disagree.  There is no evidence that Parallel Networks sought to avoid litigating the merits or that the district court had ever opined that Parallel Networks was seeking nuisance value settlements.  *See* J.A. at 3741 (Judge Davis: "[O]ne thing I am not interested in encouraging in this [c]ourt is the suing of a great number of defendants for basically a shakedown-cost-of-defense-type settlement.  *I am not saying that is going on in this case.*" (emphasis added)).

## 2. Dismissal of Invalidity Counterclaim

In deciding the propriety of a dismissal of a counterclaim with or without prejudice, we apply the law of the regional circuit, here the Fifth Circuit.  *See Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 569 F.3d 1328, 1331 (Fed. Cir. 2009) (citing *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1384 (Fed. Cir. 2002)).  The Fifth Circuit reviews a district court's dismissal of a counterclaim with prejudice for an abuse of discretion.  *See, e.g.*,

*Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 509 (5th Cir. 2007); *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317–18 (5th Cir. 2002).

Shoebuy argues that the district court abused its discretion because it dismissed the invalidity counterclaim with prejudice on the mistaken premise that Parallel Networks and Shoebuy had entered a covenant. We agree with Shoebuy that the dismissal of the counterclaim should be without prejudice. The district court's finding that these particular parties agreed to a covenant was clearly erroneous, especially given that Parallel Networks does not insist that such a covenant exists. We, therefore, reverse the dismissal of Shoebuy's invalidity counterclaim with prejudice on this ground.

## CONCLUSION

We have considered the parties' remaining arguments in support of the relief they request on appeal, but find them unpersuasive. For the foregoing reasons, we *affirm in part* and *reverse in part*.

## AFFIRMED IN PART AND REVERSED IN PART

### COSTS

No costs.